UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IOVANCE BIOTHERAPEUTICS, INC., <br><br>Plaintiff, <br><br>v. <br><br>FEDERAL INSURANCE COMPANY, <br><br>Defendant. | Case No. 25-cv-00040-RFL <br><br>**ORDER:** <br><br>**(1) GRANTING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT;** <br><br>**(2) DENYING MOTION FOR JUDGMENT ON THE PLEADINGS; AND** <br><br>**(3) RESOLVING MOTIONS TO SEAL** <br><br>Re: Dkt. Nos. 19-20, 28, 31, 35-37 |

Iovance brings this contract action to recover for Federal's alleged refusal to cover claims submitted under the Parties' insurance agreements. Federal moved for judgment on the pleadings, and in opposing that motion, Iovance requested leave to file an amended complaint. (*See* Dkt. Nos. 20, 29.) Iovance subsequently filed a separate motion for leave to file an amended complaint pursuant to this Court's order. (*See* Dkt. Nos. 34, 36). For the reasons set forth below, the motion for leave to file an amended complaint is **GRANTED**, and the motion for judgment on the pleadings is **DENIED AS MOOT**.

*Good cause.* Because Iovance requested leave to amend after the May 7, 2025 deadline to amend the pleadings lapsed (*see* Dkt. No. 18), it must first demonstrate good cause for modifying the case schedule. *See* Fed. R. Civ. P. 16(b)(4); *Hartzell v. Marana Unified Sch. Dist.*, 130 F.4th 722, 745 (9th Cir. 2025). "The good cause standard primarily considers the diligence of the party seeking the amendment." *Kamal v. Eden Creamery, LLC*, 88 F.4th

1268, 1277 (9th Cir. 2023) (citation and quotation marks omitted).  Iovance satisfies that standard because it sought leave to amend shortly after it learned of the alleged deficiencies in the operative complaint.  Though Iovance may have been aware in general terms of Federal's anticipated arguments in its motion for judgment on the pleadings, Iovance has shown that the specific issues to be corrected became evident only once it saw the actual motion and its attachments.  At that point, Iovance promptly sought leave to amend its complaint, albeit through a request in its opposition to Federal's motion, approximately three weeks later.  That is sufficient for good cause.  *See, e.g.*, *Marcotte v. Gen. Elec. Cap. Servs., Inc.*, No. 08-cv-01766-BTM, 2009 WL 10671521, at *1-3 (S.D. Cal. Aug. 31, 2009) (finding good cause where plaintiff sought leave to amend in response to defendant filing a motion for judgment on the pleadings); *cf. Roy v. Cnty. of L.A.*, No. 12-cv-09012-BRO, 2015 WL 12752441, at *4-5 (C.D. Cal. Sept. 17, 2015) (where plaintiff requested leave to amend after court granted motion for judgment on the pleadings, finding good cause because "the timing of Defendants' 12(c) Motion was such that Plaintiffs' pleading deficiencies were not apparent until after the deadline for amending pleadings passed").  In these circumstances, "any delay in amendment stems from [Federal's] decision to file a motion for judgment [on the pleadings] after the pleadings closed instead of a motion to dismiss under Rule 12(b)(6) when the [complaint] was originally filed."  *Tech. Licensing Corp. v. Technicolor USA, Inc.*, No. 03-cv-01329-WBS, 2010 WL 4070208, at *3 (E.D. Cal. Oct. 18, 2010).  Adopting a contrary approach would encourage defendants to delay filing their pleadings motions until after the amended pleadings deadline, thereby undermining the Courts' ability to ensure that the pleadings are settled early in the case.

  ***Remaining factors.***  Once good cause is shown under Rule 16, the analysis turns on six factors:  (1) undue delay; (2) bad faith; (3) dilatory motive; (4) repeated failure to cure deficiencies through previously allowed amendments; (5) undue prejudice to opposing parties; and (6) futility of amendment.  *See Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020).  But

> [n]ot all of the factors merit equal weight. . . . [I]t is the consideration of prejudice to the opposing party that carries the greatest weight. . . . Absent prejudice, or a strong showing of any of the remaining . . . factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend.

*Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (emphasis and citations omitted). Ultimately, "[r]equests for leave to amend should be granted with extreme liberality." *Brown*, 953 F.3d at 574 (citation and quotation marks omitted).

The first five factors weigh in favor of granting leave to amend. Iovance did not engage in undue delay, or act in bad faith or with a dilatory motive, because, as discussed above, it sought leave to amend promptly in response to Federal's motion for judgment on the pleadings. And as this is the first time an amendment has been contemplated, Iovance has not failed to cure deficiencies through previously allowed amendments. As for factor five—which carries the greatest weight—Federal identifies no prejudice that would stem from amendment.

That leaves the final factor: futility of amendment. Denial based on this factor "is rare," and courts generally "defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *See Reckstin Fam. Tr. v. C3.ai, Inc.*, No. 22-cv-01413-HSG, 2025 WL 490470, at *3 (N.D. Cal. Feb. 13, 2025) (citations omitted). Deferral is appropriate here, as an analysis of the merits of Iovance's proposed amended claims is "better suited" to its own fully briefed motion. *See Frick v. Dy.*, No. 22-cv-00801-JHC, 2025 WL 1371523, at *3 (W.D. Wash. May 12, 2025).

\* \* \*

In light of the above analysis:

- Iovance's motion for leave to file an amended complaint is **GRANTED**.
- Federal's motion for judgment on the pleadings is **DENIED AS MOOT**.
- The Parties filed several motions to seal in connection with the motions to amend and for judgment on the pleadings. (*See* Dkt. Nos. 19, 28, 31, 35, 37.) The Court finds that there are compelling reasons to preserve the Parties' narrowly tailored redactions and accordingly **GRANTS** the motions.

3

- By **August 29, 2025**, Iovance shall file its new operative pleading and accompanying redline (with the accepted redactions and without moving to seal).

    **IT IS SO ORDERED.**

Dated: August 22, 2025

RITA F. LIN
United States District Judge